IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD L. MORRIS, SR.**

      **Petitioner,**

  v.                                **Civil Action No. 1:11cv43**
                                       **(Judge Keeley)**

**WILLIAM FOX, Warden,**
St. Mary's Correctional Center,

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On March 31, 2011, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2254, seeking the reversal of his conviction, along with a motion for leave to proceed *in forma pauperis* and a motion for appointed counsel. On April 12, 2011, an Order was entered, granting *in forma pauperis* status but requiring petitioner to pay the required fee. On that same day, the Court denied the motion for appointed counsel. After receiving payment of the fee on April 20, 2011, the following day, the Court directed the respondent to show cause why the petition should not be granted. On May 18, 2011, the respondent filed his response, along with a motion for summary judgment and a memorandum in support. On May 19, 2011, a <u>Roseboro</u> Notice was issued. On May 24, 2011, the petitioner responded with what was, in effect, another motion for appointed counsel. By Order entered on June 20, 2011, the motion for appointed counsel was denied, but petitioner was given an additional thirty days in which to respond. Petitioner filed his response, entitled "Roseboro Notice," on June 24, 2011.

## II. Factual Background

On April 17, 2008, a Jefferson County, West Virginia Grand Jury returned an indictment against petitioner, charging him with one count of Driving Under the Influence Causing Death,[1] and two counts of Driving Under the Influence Causing Injury.[2] After a one-day trial on October 8, 2008, petitioner was convicted all three counts. (Dkt.# 18-1 at 3). One week later, petitioner's trial counsel filed a Motion for a New Trial, a Motion for Judgment of Acquittal, and a Notice of Intent to Appeal and Designation of the Record. The petitioner appeared on December 12, 2008 for sentencing. Prior to sentencing, the court heard argument on the post-trial motions and denied them. By Order entered January 21, 2009, petitioner was sentenced to no less than two, nor more than ten years on Count One, and a year each on Count One and Count Two.[3] (Dkt.# 18-4 at 2 - 3).

Two months later, on March 24, 2009, while still represented by counsel, along with a motion to remove trial counsel, (who, he alleged, refused to address his issues) and appoint substitute counsel, petitioner filed a *pro se* motion for post-conviction relief with the Jefferson County Circuit Court, alleging twelve grounds of ineffective assistance of counsel, prosecutorial

---

[1] See W. Va. Code § 17(C)-5-2(a)(3).

[2] See W. Va. Code § 17(C)-5-2(c)(2).

[3] The Order does not specify whether the sentences were to be consecutive or concurrent, but the transcript from the sentencing hearing reveals that that the sentences were to run consecutively, not concurrently, giving petitioner a combined effective minimum sentence of four years and a maximum sentence of twelve years. (Dkt.# 18-18 at 21). The Court imposed the maximum sentence possible, noting that "it doesn't appear that the law permits for a sufficiently severe sentence given the backdrop of this case[,]" (Id. at 20).

misconduct, and allegedly erroneous rulings by the state trial court. (Dkt.# 18-13). The court granted his motion to substitute counsel but struck his *pro se* motion for habeas relief.[4]

On September 11, 2009, through newly-appointed appellate counsel, petitioner filed a petition for appeal with the West Virginia Supreme Court of Appeals ("WVSCA"), claiming that the state court:

> 1) committed reversible error by allowing hearsay testimony that petitioner's bruises indicated that he was the driver of the car;
>
> 2) committed plain reversible error by failing to rule on petitioner's motion *in limine* regarding the State's witness David Bennett, and by subsequently permitting him to testify;
>
> 3) committed reversible error by denying petitioner's motion *in limine* to exclude evidence under Osakalumi,[5] and Brady,[6] rendering his trial fundamentally unfair and violating his state and federal due process rights; and
>
> 4) committed reversible error by failing to rule on petitioner's motion for reconsideration. (Dkt.# 18-5 at 10).

On November 19, 2010, by published *per curiam* opinion, the WVSCA affirmed the trial court's judgment. See State of West Virginia v. Morris, 705 S.E.2d 583 (W.Va. 2010).

### III. Petitioner's Federal Habeas Corpus Claims

In his petition for habeas corpus relief, the petitioner raises the same four grounds for relief he raised on his direct appeal to the WVSCA, again claiming that the state court:

> 1) committed reversible error by allowing hearsay testimony that petitioner's bruises indicated that he was the driver of the car;

---

[4] Apparently there is no order in the record to that effect. However, petitioner had yet to pursue his direct appeal when he filed his *pro se* motion for habeas corpus relief, and thus the court's action in this regard was rational and within its discretion. Accordingly, as the respondent stated, petitioner's "state habeas [petition] is a fugitive document with no legal effect." (Dkt.# 19 at 6). He has not re-raised any of the issues in his state habeas corpus petition here.

[5] State v. Osakalumi, 461 S.E.2d 504 (W. Va. 1995).

[6] Brady v. Maryland, 373 U.S. 83 (1963).

2) committed plain reversible error by failing to rule on petitioner's motion *in limine* regarding the State's witness David Bennett, and by subsequently permitting him to testify;

3) committed reversible error by denying petitioner's motion *in limine* to exclude evidence under Osakalumi, and Brady, rendering his trial fundamentally unfair and violating his state and federal due process rights; and

4) committed reversible error by failing to rule on petitioner's motion for reconsideration.

## IV. Respondent's Motion To Dismiss[7]

The respondent argues that:

1) the petitioner's habeas corpus motion must be dismissed for failure to state a claim upon which relief could be granted;

2) federal relief is only available for claims of a constitutional dimension; petitioner's allegations of violations of state law and procedure are not cognizable under § 2254 and he has failed to demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States;

3) notice pleadings such as petitioner's are insufficient to state a claim under § 2254; and

4) assuming arguendo that the Circuit Court did commit errors, none of the errors petitioner complains of survive the harmless error analysis set forth by the United States Supreme Court in Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

Accordingly, the respondent argues that summary judgment is appropriate.

## V. Petitioner's Response

In response, petitioner merely re-attaches another copy of his § 2254 petition, titled "Roseboro Notice," along with a letter motion to the Magistrate Judge, expressing his hope that his case not be dismissed.

## V. Analysis

### A. Standard of Review for Motion for Summary Judgment

---

[7] The respondent erroneously lists petitioner's name in the style of the case as "Robert L. Morris."

In determining whether to grant a motion for summary judgment, Rule 56c of the Federal Rules of Civil Procedure, makes it clear that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Motions for summary judgment impose a difficult standard on the moving party; for, it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).

However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, in that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

As discussed below, I recommend that respondent's motion for summary judgment be granted because the petitioner has not exhausted his fourth claim, the state court's adjudication of the other three claims was not contrary to or an unreasonable application of federal law, and the petitioner has not set forth any valid claims.

## B. Standard of Review for §2254 Petitions

28 U.S.C. §2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. §2254(b)(1)(A), but "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. §2254(b)(2).

The Court notes that the respondent has exhausted his state judicial remedies on all but his fourth claim. Thus, the Court may consider the substantive merits of the first three claims. However, this court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the State court proceeding.

28 U.S.C. §2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

Our Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). However, the court must still

"confine [its] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158 (quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)).

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

Further, "[t]o establish that habeas relief is warranted on the §2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the State court proceeding,' a petitioner must rebut by clear and convincing evidence the §2254(e)(1) presumption that a state court's factual findings are correct."[1] Foster v. Johnson, 293 F. 3d 766, 776 (5th Cir. 2002), cert. denied, __U.S.__, 123 S. Ct. 625 (2002).

The petitioner fails to demonstrate that the state court arrived at a conclusion opposite to that reached by the United States Supreme Court with respect to any of his claims. Further, he fails to prove that the state court unreasonably determined the facts when analyzing his claims to

---

[1] 28 U.S.C. §2254 (e)(1) provides as follows:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

7

uphold his conviction. For these reasons, petitioner has not established that he is entitled to relief pursuant to 28 U.S.C. §2254. Even assuming *arguendo* that the petitioner could satisfy either of the prongs set forth in Williams, his §2254 claims still would fail as discussed below.

**Grounds One and Two: Petitioner's Due Process Rights Were not Violated when the State Court Allowed Testimony About Petitioner's Bruises That Indicated that he was the Driver of the Car, or When it Failed to Rule on his Motion *in Limine* Regarding State Witness David Bennett, and by Subsequently Permitting Bennett to Testify**

Violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable under § 2254. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Weeks v. Angelone, 176 F.2d 249, 262 (4th Cir. 1999) ("Therefore, when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review."). "The Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules." Accordingly, in contrast to a state appellate court, federal habeas courts do not grant relief merely because an evidentiary instruction might have been deficient. Estelle, *supra* at 72. The question to be answered is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Id., *quoting* Cupp v. Naughten, 414 U.S. 141, 147 (1973).

Petitioner alleges that trial testimony by the police officer who charged him with driving while intoxicated to the effect that he did so based upon information learned from the emergency room ("ER") nurse who examined petitioner, that petitioner had bruising on his chest consistent with the left shoulder-to-right hip path of a driver's seat seatbelt, was hearsay and deprived him

of his constitutional right to be confronted with the witnesses against him.[8] Assuming *arguendo* that the evidence was improperly admitted, petitioner's related claim that it deprived him of his constitutional right to confront the ER nurse must fail; he cannot show it amounted to a due process violation. "Whether the admission of prejudicial evidence constitutes a denial of fundamental fairness turns upon whether the evidence is material in the sense of a crucial, critical[,] highly significant factor." Brown v. O'Dea, 227 F.3d 642, 645 (6th Cir. 2000).

In its opinion, the WVSCA found that the officer's testimony was not hearsay, since it was not offered for the truth of the matter asserted, but rather, only to explain why the officer decided to arrest petitioner. Moreover, the WVSCA held, even if the testimony was hearsay, its admission was harmless error, because the evidence was merely cumulative to testimony from two other witnesses tending to show that petitioner was the driver of the car that caused the accident. As such, petitioner cannot show that the testimony was material in the sense of crucial or critical, or that it so infected the entire trial that the resulting conviction violated due process.

Petitioner's claim that his confrontation rights were violated by the officer's testimony about what the nurse told him must also fail; out-of-court statements made by absent witnesses only implicate the Confrontation Clause when the statement is testimonial. Crawford v. Washington, 541 U.S. 36, 50 – 53 (2004). Here, because the officer's statement was not offered for the truth of the matter asserted, the statement was not testimony in the sense of a "solemn declaration or affirmation made for the purpose of establishing or proving some fact." Crawford, *supra* at 51. Moreover, as also noted by the WVSCA, because this objection was never raised at

---

[8] The record reveals that the nurse was subpoenaed to testify and was expected to appear, but did not appear, in defiance of the subpoena.

trial, it is also procedurally defaulted. Morris, *supra* at 588. Accordingly, this ground of the petition should be dismissed for failure to state a claim upon which relief can be granted.

Next, petitioner argues that the court's permitting the testimony of state's witness, hospital phlebotomist David Bennett, who drew petitioner's blood after the accident, that petitioner had bruising on his chest consistent with the shape of a seatbelt, from the left shoulder to the right hip, establishing that petitioner was the driver of the car, violated his due process rights and was plain error. He contends that Bennett testified as an expert, and the State had failed to provide adequate notice of expert testimony to him before trial, pursuant to Rule 16(a)(1)(E) of the W. Va. R. Crim. P.

This claim fails for the same reason as the previous one: it raises an issue of state law that is not cognizable in a federal habeas corpus petition. Moreover, also like petitioner's previous claim, it is also procedurally defaulted; the WVSCA, in addition to ruling that Bennett's testimony was not expert in nature, but merely lay opinion testimony based on personal observation of petitioner's bruises, ruled that petitioner waived the issue by not objecting to Bennett's testimony at trial.[9] Petitioner has not alleged cause to excuse his failure to raise it, nor claimed prejudice or miscarriage of justice, and thus the claim is barred.

**Ground Three: Petitioner is Entitled to No Relief on his Claim that the Trial Court Committed Reversible Error by Denying his Motion *in Limine* to Exclude Evidence Under Osakalumi, and Brady.**

Petitioner contends that his state and federal due process rights were violated and his trial rendered fundamentally unfair when the trial court denied his motion *in limine* to exclude his

---

[9] The WVSCA noted that although the motion *in limine* was filed on September 26, 2008, twelve days before trial, the circuit court never ruled on it, and petitioner failed to object when the State offered Bennett's testimony at trial. Consistent with State v. Parsons, 380 S.E.2d 223, 230 (W.Va. 1989), where no adverse ruling on a defendant's motion *in limine* is made, an objection is required when the evidence is offered at trial.

hospital records, because the records indicated he had bruising suggestive of a person wearing a driver's side seatbelt. Petitioner argues that because the car he was driving was not taken into police custody as critical, potentially exculpatory evidence, he was prevented from examining the vehicle to disprove the State's contention that he was the driver.

This issue, in addition to being completely lacking in merit, has been litigated both in petitioner's August 15, 2008 pre-trial hearing, and by the WVSCA. The circuit court ruled that the police never took custody of petitioner's car, that it was towed away as is customary in normal police investigations. Furthermore, in discovery, the State provided the defense 37 photographs of it and the accident scene, so petitioner was not completely deprived of evidence regarding the car. The WVSCA held that the State's failure to preserve the vehicle and turn it over to the petitioner did not constitute a Brady violation, and that even assuming arguendo that petitioner could establish the State had a duty to preserve and produce the car, petitioner still had not established the importance of the missing evidence.

There is no question "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. State of Maryland, 373 U.S. 83, 86 (1963). Furthermore, the Due Process Clause of the Fourteenth Amendment to the United States Constitution imposes upon the State a duty to preserve exculpatory evidence for potential use by the defendant once the evidence has been acquired. Arizona v. Youngblood, 488 U.S. 51 (1988). However, the Due Process Clause requires a different result when dealing with the failure of the State to preserve "evidentiary material which no more can be said than it could have been subjected to tests, the results of which might have exonerated the defendant." Arizona v. Youngblood, 488, U.S. 51, 56 (1988). In that instance,

the United States Supreme Court holds "that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Id. Furthermore, the duty to preserve and/or produce potentially exculpatory evidence does not expand to a duty to gather evidence for the defense, search for exculpatory evidence, conduct tests, or pursue every angle in a case. See State v. Wilson, 2005 WL 678933 (Ohio App. 2 Dist); United States v. Beaver, 524 F.2d 963 (5th Cir. 1975); State v. Pecor, 972 P.2d 737 (1998); State v. Bernson, 700 P.2d 758.

In the case at hand, there can be no conclusion that the prosecution suppressed evidence favorable to the petitioner in the form of the totaled vehicle. Because the State never took possession of the car, there has been no showing that there was ever any exculpatory evidence in the State's possession. Therefore, petitioner cannot allege that the State failed to preserve exculpatory evidence for his use. Here, the petitioner can only allege that the State failed to preserve evidence that might have exonerated him had it been subjected to tests.[10] The test then becomes whether the police acted in bad faith. Petitioner has not established that the State had any knowledge that any evidence in the car would have exculpated him, nor has he provided any other evidence indicative of bad faith. Furthermore, inasmuch as the State has no duty to gather evidence for the defense or search for exculpatory evidence, the petitioner has not established a denial of due process that would require this Court to grant his writ on this ground.

---

[10] Because the car petitioner was alleged to be driving on the night of the accident was totaled, it was privately towed to a salvage yard. The State never took possession of the car. The defense never made a specific request that it be preserved, and only later made a general discovery request for "tangible objects." At that point, the whereabouts of the car were unknown and it was believed to have been crushed, but was later found not to be. However, by then, it had been sitting outdoors with its sunroof open for a year and a half, and according to the petitioner, any search for exculpatory evidence would then have been futile. The petitioner maintains that had the police tested suspected blood evidence on the left side of the driver's seat, measured the precise locations of the two front seats, and taken into evidence a beer an and two cell phones depicted in photographs, they could have verified his version of some of the events that transpired.

Under 42 U.S.C. § 2254(e)(1), a factual determination made by a state court is presumed to be correct. Here, the petitioner has made no showing that the decision of the state court was unreasonable in light of the facts presented in the state proceeding. Moreover, the determination of the state court was not contrary to or an unreasonable application of clearly established federal law. Thus, the petitioner is not entitled to relief on this claim.

**Ground Four: Petitioner is Not Entitled to Relief on his Claim that the Trial Court Committed Reversible Error when it Failed to Rule on his Motion for Sentence Reconsideration Because he has Failed to Exhaust his Remedies in State Court**.

Petitioner's April 10, 2009 motion for reconsideration is still pending in state court. On direct appeal, the WVSCA declined to address the claim, describing it as interlocutory. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. §2254(b). The petitioner bears the burden of proving exhaustion. See Beard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907. 911 (4th cir. 1997). Petitioner has no constitutional right to federal habeas review of a state court's alleged failure to follow state procedure. Because this Court lacks jurisdiction to address this claim, relief should be denied.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion for Summary Judgment be **GRANTED** (Dkt.# 18) and petitioner's §2254 petition (Dkt.# 1) be **DENIED** and **DISMISSED with prejudice.**

Any party may file, **within fourteen (14) days** after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely

file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: November 1, 2011

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE